## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

RODNEY EUGENE WESTON                                                                              PETITIONER
ADC # 132833

V.                                                  5:11-CV-00270-JMM-JJV

RAY HOBBS, Director,                                                                              RESPONDENT
Arkansas Department of Correction

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      BACKGROUND

On February 11, 2005, Rodney Weston, the Petitioner, was found guilty of capital murder, a terroristic act, and first degree battery. (Doc. No. 1 at 73.) He was sentenced to life plus twenty years and a $15,000.00 fine. *Id.* Mr. Weston appealed his conviction asserting, among other claims, that the trial court erred by not determining whether he was mentally competent to stand trial, given that two mental evaluations showed he had an IQ of fifty-three (53). *Id.* The Arkansas Supreme Court held that Mr. Weston did not preserve the issue for appeal and affirmed his conviction. *Weston v. State*, 366 Ark. 265, 276, 234 S.W.3d 848, 857 (2006). On May 23, 2006, the Arkansas Supreme Court issued the mandate for its May 4, 2006, judgment. (Doc. No. 1 at 2.)

On January 27, 2007, Mr. Weston filed a motion pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (hereinafter "Rule 37 motion"). (Doc. No. 12-1.) He raised a due process claim and several ineffective assistance of counsel claims. *Id.* The circuit court dismissed the Rule 37 motion as untimely on April 24, 2009.

On August 6, 2009, Mr. Weston filed a state habeas petition with the Lincoln County Circuit Court, raising three claims: (1) his due process rights were violated by the use of an invalid

information; (2) his sentence was illegally imposed; and (3) his conviction was invalid. (Doc. No.

12-2.) The circuit court denied that petition on October 13, 2009, for failure to state a claim. *Id.*

Mr. Weston then filed several other post-conviction petitions which were all denied as untimely or

otherwise non-compliant with Arkansas Criminal and Appellate Procedure. Mr. Weston did attempt

to appeal the denial of one petition; he was unsuccessful, however, because his notice of appeal was

untimely. *Id.* On October 17, 2011, Mr. Weston filed the instant habeas petition.

## II.     DISCUSSION

### A.     Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner must file his or her federal habeas petition

within one (1) year from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

From this statute, there are two circumstances under which tolling of the one-year limitation

period is appropriate. The first exists when there is a pending, properly filed application for state

post-conviction relief. 28 U.S.C. § 2244(d)(2). As noted by the Supreme Court, a state petition or

application is considered to be "properly filed" if it is timely and otherwise compliant with the

"filing conditions" required by the respective state. *Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (citing

*Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).  The second circumstance exists when the petitioner establishes that he is entitled to equitable tolling; to do so, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011) (quoting *Holland v. Fla.*, 130 S.Ct. 2549, 2563 (2010)).

The petition in this case is considerably untimely.  The AEDPA one-year statute of limitations began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Mr. Weston filed a timely direct appeal to the Arkansas Supreme Court following his February 11, 2005, conviction.  After the Arkansas Supreme Court entered the mandate affirming Mr. Weston's conviction on May 23, 2006, Mr. Weston did not petition for a writ of certiorari with the United States Supreme Court.  *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003) ("The Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court."); *see also Smith v. Bowersox*, 159 F.3d 345, 347-48 (8th Cir. 1998).  Rule 13.1 of the Rules of the Supreme Court of the United States sets the time for filing a petition for a writ of certiorari at ninety (90) days from the date the appealed judgment becomes final.  In this case, that date was August 21, 2006.  Given that Mr. Weston's opportunity to seek direct review expired on that date, Mr. Weston had until August 21, 2007, to file a federal habeas petition.

The January 27, 2007, Rule 37 motion was untimely and not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).  Mr. Weston also has not alleged he is entitled to equitable tolling of the AEDPA one-year statute of limitations.  Further, Mr. Weston's other Rule 37 motions or state habeas petitions were untimely and not "properly filed application[s] for State post-conviction relief or other collateral review."  Given that Mr. Weston filed the instant habeas Petition on October 17,

2011, four years after the statute of limitations ran on August 21, 2007, his Petition should be dismissed as untimely.

### B.     Procedural Default

In addition to the one-year statute of limitations requirement, petitioners must also satisfy what is commonly known as the fair-presentment requirement, which calls for prisoners to first exhaust all available state remedies for their federal habeas claims. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  Notably, fair presentment allows the respective "state the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  Ultimately, " '[i]f a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.' " *Murphy*, 652 F.3d at 849 (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999)).

Related to the fair presentment requirement is the concept of procedural default which occurs after a prisoner has become procedurally barred from litigating his or her claims in state court. *Murphy*, 652 F.3d at 849.  A procedural bar happens when the prisoner has violated "a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." *Id.* at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  In such circumstances, federal habeas review of procedurally defaulted claims will be barred unless the prisoner can show cause and prejudice with respect to the default, or show that "failure to consider

the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. It is also important to note here that "[a] failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999))).

In this case, all of Mr. Weston's claims are procedurally defaulted. Specifically, the first three were defaulted by his violation of state procedural rules that independently and adequately bar direct review. For instance, though Mr. Weston raised two ineffective-assistance-of-counsel claims in his first Rule 37 motion, those claims were dismissed as untimely. Similarly, as the Arkansas Supreme Court held in *Weston v. State*, 366 Ark. 265, 276, 234 S.W.3d 848, 857 (2006), Mr. Weston did not properly preserve his mental-handicap issue for appeal. Given Mr. Weston's violation of these state procedural rules, and that he has not alleged cause and prejudice, federal habeas review of these three claims is barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Federal habeas review of Mr. Weston's "stun-belt" and double-jeopardy claims is also barred as he procedurally defaulted these claims by failing to exhaust available state remedies. The instant habeas petition is the first instance where Mr. Weston has presented these claims to any court. He had opportunity to present these claims in the direct appeal from his conviction or in his first Rule 37 motion. He did not do so, however, and, as a result, he failed to exhaust his state remedies. Given this failure to exhaust, Mr. Weston's "stun-belt" and double-jeopardy claims are also procedurally defaulted. *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010).

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Mr. Weston's § 2254 Petition (Doc. No. 1) should be DISMISSED WITH PREJUDICE and the requested relief should be DENIED.

7

DATED this 13th day of January, 2012.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE